IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00506-MR

| | |
|---|---|
| **TRACEY TERRELL GRADY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **EDDIE CATHEY, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Affidavit seeking to proceed in forma pauperis. [Doc. 2].

The incarcerated Plaintiff, Tracey Terrell Grady, filed this pro se action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Union County Jail (UCJ) where he is a pretrial detainee. He names as Defendants: Eddie Cathey, the Union County Sheriff; the Union County Jail; FNU Dennis, a lieutenant; FNU Bailey, FNU Handcock, FNU Grooms, and FNU Easley, sergeants; FNU Reed, FNU McWhorter, FNU Younts, FNU Rand, and FNU Drake, officers; and D. Brandon Christian, a "staff attorney for defendants." [Doc. 1 at 1-2]. In his scattershot Complaint, the Plaintiff alleges, *inter alia*, that on April 16, 2024, staff allowed him to fall while he was being transported while restrained, injuring his neck and back; that he

received inadequate medical care after his fall; that there is a conspiracy to stop him from filing grievances; that he has received false disciplinary charges and was placed in segregation in retaliation for having filed complaints and grievances; that jail staff failed to protect him from being sexually assaulted by another inmate; that he has been threatened by the family of the victim in his criminal case; that the Plaintiff has been beaten and assaulted by jail staff and inmates; that false allegations were filed against the Plaintiff in court, resulting in his transfer back to the UCJ where he is not safe; that "excessive funds" have been deducted from his prison trust fund account for court filing fees; that his legal mail is being mishandled; that he is being denied due process; and that he is being singled out and conspired against because he previously filed a federal lawsuit. [See Doc. 1 at 3-5]. He contends that he is presently under "imminent danger" and fears for his life because of his prior sexual assault[1] and staff hostility. [Id. at 2]. He seeks punitive and compensatory damages, a jury trial, a "hardship safety transfer," and "a change of policy…." [Id. at 11].

---

[1] The Plaintiff identifies his assailant as inmate Chasmon McGee. However, the UCJ's website reflects that no such inmate presently resides at UCJ and the Plaintiff fails to explain how a past incident places him in present imminent danger. See https://sheriff.unioncountync.gov/jailinmates.aspx (last accessed May 29, 2024); Fed. R. Evid. 201.

The Plaintiff has moved to proceed in forma pauperis. [Doc. 2]. He states "Im under imminent danger I fear for my life help I was assaulted I wish to preceed. With the exception of the three strike rule Clerk I run a high risk of being kill at Union County Jail I'm not safe threats has been made on my life I'm hurt injured." [Id. at 1] (errors uncorrected).

Federal courts "may authorize" a litigant to prosecute or defend a civil action without paying the usual required fees if the litigant submits an affidavit containing a statement of the litigant's assets and demonstrating that she cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). A district court thus has the authority to grant or deny an application to proceed in forma pauperis. Clarke v. Richmond Behav. Health Auth., 402 F. App'x 764, 766 (4th Cir. 2010). This discretion is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked." Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980) (quoting Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915)). "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Id. (quoting Ellis v. United States, 356 U.S. 674 (1958)).

This Court has previously exercised its discretion to deny the Plaintiff leave to proceed in forma pauperis, noting his "extensive history" of filing

prisoner civil rights lawsuits in North Carolina federal courts resulting in dismissals on initial review as frivolous or malicious and/or for failure to state a claim, and summary judgment dismissals determining that the action was entirely baseless or that the Plaintiff had engaged in improper and harassing litigation tactics. See Grady v. Boitnott, No. 3:22-cv-135-MR, 2022 WL 2443457 (W.D.N.C. July 5, 2022) (collecting cases), aff'd, 2022 WL 17819303 (4th Cir. Dec. 20, 2022); see also Grady v. Rogers, No. 3:20-cv-00601-MR, 2022 WL 1572904 (W.D.N.C. May 18, 2022) (granting defense motion to revoke IFP status), aff'd, 2022 WL 17750714 (4th Cir. 2022). Since then, the Middle District of North Carolina dismissed yet another of the Plaintiff's civil rights actions on summary judgment because, *inter alia*, the Plaintiff's factual assertions were "refuted by the video evidence." Grady v. Smith, No. 1:20-cv-54, 2023 WL 3743095 (M.D.N.C. Feb. 17, 2023).

The Court notes that the instant case's scattershot allegations are strikingly similar to the Plaintiff's previous actions in which he alleged, inter alia, that Union County Jail officers used excessive force against him (while other officers failed to intervene); failed to protect him from a planned "hit" by another inmate; provided him deliberately indifferent medical care following an inmate assault; allowed him to be sexually assaulted by another inmate;

4

and conspired against him. See, e.g., Grady v. Boitnott, supra; Grady v. Rogers, supra.

The Court has carefully reviewed the Plaintiff's present claims of imminent danger as well as his extensive history of abusing the privilege of proceeding in forma pauperis. The Court concludes that the Plaintiff has engaged in a pattern of abusive, frivolous, malicious, and harassing litigation that demonstrates an improper motive and the lack of good faith, and that his repeated and conclusory allegations of imminent danger in the present action are made solely in an effort to circumvent the three-strike limitation that has been imposed upon him. Accordingly, the Court will exercise its discretion to deny his Application to proceed in forma pauperis pursuant to § 1915(a).

The Plaintiff shall have 21 days within which to pay the full filing fee. Should he fail to do so, this action will be dismissed without prejudice and without further notice.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs [Doc. 2] is **DENIED** pursuant to § 1915(a).

5

Case 3:24-cv-00506-MR   Document 6   Filed 06/11/24   Page 5 of 6

2. The Plaintiff is directed to pay the full filing fee of $405 within **twenty-one (21) days** of this Order. Should the Plaintiff fail to comply, this matter will be dismissed without further notice.

3. The Clerk is respectfully instructed to add the Plaintiff to the "Filer Status Report" as a § 1915(a) frivolous filer.

**IT IS SO ORDERED.**

Signed: June 10, 2024

Martin Reidinger
Chief United States District Judge