IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00506-MR

| | |
|---|---|
| **TRACEY TERRELL GRADY,** )<br> )<br> **Plaintiff,** )<br> )<br>vs. )<br> )<br>**EDDIE CATHEY, et al.,** )<br> )<br> **Defendants.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court sua sponte.

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Union County Jail. [Doc. 1]. The Plaintiff moved to proceed in forma pauperis. [Doc. 2]. At the commencement of this action, the Plaintiff was cautioned that "[i]t is Plaintiff's responsibility to keep the Court advised of his/her current address at all times" and that "[i]f the Plaintiff's address changes and no Notice is promptly filed with the Clerk of Court, this case may be dismissed for lack of prosecution." [May 24, 2024 Standing Order of Instructions at 2].

On June 11, 2024, the Court denied the Plaintiff's motion to proceed in forma pauperis and ordered him to pay the filing fee within 21 days. [Doc. 6]. The Plaintiff was cautioned that, "[s]hould he fail to do so, this action will

be dismissed without prejudice and without further notice." [Id. at 5]. Rather than paying the filing fee, the Plaintiff appealed the Court's June 11 Order, Fourth Circuit Case No. 24-6625. [See Doc. 7]. The Fourth Circuit dismissed the Plaintiff's appeal on October 11, 2024 for lack of prosecution. [See Doc. 11]. On October 15, 2024, the Court entered a text-only Order again directing the Plaintiff to pay the filing fee within 21 days, and cautioning him that "[t]he failure to do so will result in the dismissal of this action without further notice." [Oct. 15, 2024 Text-Only Order]. The text-only Order was mailed to the Plaintiff at his address of record at the Piedmont Correctional Institution.[1]

The Plaintiff has not paid the filing fee, and the time to do so has expired. It also appears that the Plaintiff's address has changed at least twice and that he has failed to notify the Court of his new address(es). It thus appears that the Plaintiff may have abandoned this action, and the Court is unable to proceed. Accordingly, this action is dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or

---

[1] According to the North Carolina Department of Adult Corrections' website, the Plaintiff was transferred to the Dan River Work Farm on November 26, 2024 from the Richmond Correctional Institution. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0151408&searchOffenderId=0151408&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Dec. 2, 2024); see Fed. R. Evid. 201.

2

Case 3:24-cv-00506-MR   Document 12   Filed 12/12/24   Page 2 of 3

any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for sua sponte dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is respectfully instructed to mail the Plaintiff a copy of this Order at his address of record, and to him at the Dan River Work Farm.

**IT IS SO ORDERED**.

Signed: December 11, 2024

Martin Reidinger
Chief United States District Judge